UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAVELLE DESHAWN MARSHALL,                 No. C-14-3706 EMC (pr)

    Plaintiff,

    v.                                        **ORDER OF DISMISSAL**

ALAMEDA COUNTY JAIL,

    Defendant.
_____/

    Lavelle Deshawn Marshall, an inmate at San Quentin State Prison, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, Mr. Marshall alleges that, when he was transported from Alameda County Santa Rita Jail to San Quentin State Prison, his clothing and other personal property were supposed to be transported with him but his clothing was lost during the transport. His complaint is now before the Court for review pursuant to 28 U.S.C. §1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Allegations of negligent or intentional deprivation of property do not state a due process claim under Section 1983 if the deprivation was random and unauthorized. See *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *See King v. Massarweh*, 782 F.2d 825, 826-27 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Mr. Marshall's allegations that his clothing was wrongfully lost are of a random and unauthorized deprivation of property and therefore are not cognizable under Section 1983. His property claim may be cognizable under state law, but he must pursue that claim in state court rather than in federal court.

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 23, 2014

_____
EDWARD M. CHEN
United States District Judge

2